UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAEVON SHADE,

        Plaintiff,                Case No. 24-cv-10623

v.                                  HON. MARK A. GOLDSMITH

CITY OF WARREN

        Defendant.
_____/

**OPINION & ORDER**
**(1) ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 27), (2) OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 28), AND (3) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 17)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti issued on December 6, 2024 (Dkt. 27). In the R&R, the magistrate judge recommends that Defendant the City of Warren's motion to dismiss (Dkt. 17) be granted. Plaintiff Daevon Shade filed timely objections to the R&R (Dkt. 28) and the City filed a response to Shade's objections (Dkt. 29). For the reasons that follow, the Court: (i) accepts the recommendation in the R&R, (ii) overrules Shade's objections, (iii) grants the City's motion to dismiss, and (iv) dismisses Shade's complaint with prejudice.

### I.  BACKGROUND

Shade filed this action alleging various violations of his constitutional rights resulting from a search of his vehicle that occurred on May 18, 2023, and his detention thereafter. His initial complaint was two sentences long and asked for five billion dollars in damages. Compl. (Dkt. 1). Shade filed an amended complaint shortly thereafter that provided slightly more details about his claims but was still only three sentences long and short on facts. First Am. Compl. (FAC) (Dkt.

1

7). Finding that Shade "[did] not allege facts or provide any details supporting [his] claims," the Court directed Shade to file another amended complaint containing more details. 4/1/24 Order (Dkt. 9). Shade filed a second amended complaint, which is the operative complaint in this matter. Second Am. Compl. (SAC) (Dkt. 10).

The SAC—which is still rather brief but does contain some factual allegations—alleges that on May 18, 2023, Shade was stopped by police officers who assaulted him and searched his vehicle without consent or probable cause. SAC at PageID.24. Shade alleges that he was detained without being informed that he was under arrest or read his Miranda rights, and that he was denied medical care while in custody. Id. Shade lists eight claims (Fourth Amendment violation, Fifth Amendment violation, unlawful arrest, false imprisonment, use of excessive force, spoilation of evidence, deliberate indifference ignoring medical needs, and coercion) and asks for five billion dollars in damages. Id. at PageID.25.

The R&R provides more detail on the events that occurred on May 18, 2023 and afterward. R&R at 1–2. After officers stopped Shade, two officers signed a felony complaint for assaulting/resisting/obstructing a police officer, and on May 19, an officer signed a request for a warrant authorization. Id. Shade was arraigned that same day, posted bond on May 31, had a preliminary examination on June 6, and was bound over to the Macomb County Circuit Court on June 7. Id. On February 8, 2024, a jury found Shade not guilty. Id.

The magistrate judge recommends granting the City's motion to dismiss because (i) Shade's complaint fails to comply with Federal Rule of Civil Procedure 8(a)(2); (ii) Shade has not pled adequate facts to survive a Federal Rule of Civil Procedure 12(b)(6) motion to dismiss; and (iii) Shade did not plead a Monell claim against the City. R&R at 5–21. For the reasons that follow, the Court accepts the R&R and grants the City's motion to dismiss.

2

## II.  ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made.  See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

Shade lists three objections to the R&R.  His first objection contains two sub-arguments that are seemingly unrelated to each other.  Obj. at PageID.282–284.  The first argument is an objection to the exhibits attached to Defendants' motion to dismiss.  Id.  Shade contends that the City "proceeded and[] participated in discovery by filing and[] exchanging Exhibits as a response in their defense, which makes the [SAC] [s]ufficient of a claim for relief."  Id. at PageID.283.  But the R&R contains a detailed discussion of whether the Court was entitled to take judicial notice of the parties' exhibits.  R&R at 12–15.  Shade does not cite to or disagree with any specific part of the R&R's discussion.  An "objection" that does nothing more than disagree with a magistrate judge's determination, "without explaining the source of the error," is not considered a valid objection.  Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 509 (6th Cir. 1991).

Shade's second argument, which is less clear, seems to be a general argument that the SAC states a claim of relief that can be granted.  Obj. at PageID.283–284.  Shade cites to three quotes from the City's motion to dismiss but does not offer any context or explanation for the quotes.  Shade does not cite to any specific portion of the R&R to which he objects.  As already explained, this is not a valid objection.

Shade's second objection argues that he adequately pled a Monell claim against the City.  Obj. at PageID.284.  Shade asserts that his allegation that "his 4th Amendment was violated in the

3

City of Warren, a search of the plaintiff's vehicle was conducted without consent or a search warrant available, with lack of probable cause" was sufficient to plead Monell liability.  Id.  But the R&R clearly explained that Shade failed to plead the existence of a "custom" or "policy," as is required for Monell liability.  R&R at 18–21.  Shade does not explain why this finding was incorrect.  The Sixth Circuit has stated that objections "must be clear enough to enable the district court to discern those issues that are dispositive and contentious," which Shade's objection is not.  Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995).

Shade's third and final objection states that "[D]efendant believes that [P]laintiff's claims are labels and conclusions.  The [P]laintiff objects."  Obj. at PageID.285.  This appears to be an objection to a contention made by the City, not an objection to the R&R.  Shade does not even mention the R&R in the objection.  This objection, therefore, is not valid.

For these reasons, the Court overrules Shade's objections.

### III.  CONCLUSION

For the reasons stated above, the Court: (i) accepts the recommendation in the R&R (Dkt. 27), (ii) overrules Shade's objections (Dkt. 28), (iii) grants the City of Warren's motion to dismiss (Dkt. 17), and (iv) dismisses Shade's complaint with prejudice.

SO ORDERED.

Dated: March 25, 2025  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge